UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Cochran, #80634,<br><br>                 Plaintiff,<br><br>vs.<br><br>William R. Byars, Jr., Director, South Carolina Department of Corrections,<br><br>                 Defendant. | C/A No.  6:13-1489-JFA-KFM<br><br>**Report and Recommendation** |

     Plaintiff Jerome Cochran ("Plaintiff"), a prisoner at Lee Correctional Institution in Bishopville, South Carolina, challenges his confinement in a pleading he styles as a Complaint pursuant to 42 U.S.C. § 1983 for declaratory relief.  Plaintiff files this action *pro se* and *in forma pauperis* under 28 U.S.C. § 1915.  Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such pleadings and submit findings and recommendations to the district court.  For the following reasons, the undersigned recommends the instant Complaint be summarily dismissed.

Standard of Review

     Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed in this case.  This Court is required to construe *pro se* pleadings liberally.  Such *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard,

however, the Complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background and Discussion</u>

Plaintiff is serving a life sentence for murder imposed in 1974 in Charleston County. He complains that, while he was only sixteen (16), he was charged as an adult, resulting in constitutional deprivations that are ongoing due to his continued incarceration. ECF No.1 at 3-4. He does not allege any specific facts against the sole defendant, William R. Byars, Jr., the director of the South Carolina Department of Corrections (SCDC). In terms of relief, he asks this court: "To grant Declaratory Judgment against the Defendant, as an Actor of the State, declaring that individuals have acted under color of law to deny and deprive Plaintiff of his United States Constitutional right to liberty, and to also declare that Plaintiff is entitled to be free from the constitutional violations complained of in his original Writ for Petition of Habeas Corpus before the South Carolina Supreme Court." ECF No. 1 at 5.

In short, Plaintiff is asking this court to rule that his conviction and sentence are invalid. In *Brown v. General Services Administration*, 425 U.S. 820 (1976) the United States Supreme Court said:

> In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies. In *Preiser v. Rodriguez* . . . state prisoners whose good-time credits had been canceled for disciplinary reasons brought suit under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, in conjunction with a habeas corpus action. Although

2

acknowledging that the civil rights statute was, by its terms, literally applicable, we held that challenges to the fact or duration of imprisonment appropriately lie only under habeas corpus, the "more specific act." Permitting such challenges to be brought under the general, civil rights statute, where exhaustion is not required, would undermine the "strong policy requiring exhaustion of state remedies" when prisoners challenge the length of their confinement. 411 U.S., at 488-490.

*Brown*, 425 U.S. at 834 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Likewise, Plaintiff's attempt to challenge his conviction and sentence on constitutional grounds sounds in habeas. With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).

In Civil Action No. 6:06-325-GRA-WMC, Plaintiff unsuccessfully sought habeas relief for his 1974 murder conviction.[1] This court does not address the merits of Plaintiff's arguments at this time as, to the extent that this case is a petition for habeas relief, the petition is successive and therefore cannot be entertained without leave from the Fourth Circuit Court of Appeals.

Regardless of whether these particular grounds for relief have been presented before, they cannot be presented in this successive pleading. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented

---

[1] This Court may take judicial notice of Petitioner's prior § 2254 case. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

3

in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Further, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. *Id.* § 2244(b)(2).[2] Petitioner has presented no facts that relate to any of the statutory exceptions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not define 'second or successive.'" *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289 (2011).

Petitioner's previous attempt to seek habeas relief was dismissed due to a procedural bar – the case was untimely – and was thus dismissed on the merits. C/A No. 6:06-325-GRA-WMC, ECF No. 26. As a result, the plea for § 2254 relief in the above-

---

[2] An exception applies if:
> (A)the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules.[3] *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996).

Plaintiff styles his action as an attempt to seek declaratory relief under § 1983. However, a declaration in his favor would necessarily imply the invalidity of his conviction and therefore is unavailable. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner's claim for declaratory relief and money damages based on procedural defects in his prison disciplinary conviction is not cognizable under § 1983 because it necessarily implies the invalidity of the punishment imposed). Therefore, it is barred under *Heck*.

Plaintiff's request for a declaratory judgment, if not automatically barred by *Heck*, is not a request for declaratory relief in the true legal sense (*see* Fed.R.Civ.P. 57; 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading that states the type of "case of actual controversy" required to invoke the jurisdiction of this court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

"District courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir.1998). "Declaratory judgments ... are meant to define the legal rights and obligations

---

[3] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

5

of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir.2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553–54 (Fed.Cir.1994) ( en banc ) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "clearly intended to convey a request different from a formal declaration under the Declaratory Judgment Act")).

The Complaint includes no request to define "legal rights and obligations . . . in the anticipation of some future conduct." Consequently, insofar as it seeks declaratory relief stating that Defendants did violate Plaintiff's U.S. constitutional rights, Plaintiff's Complaint does not state a plausible claim for declaratory relief.

<u>Conclusion</u>

Accordingly, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 3 , 2013
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).